UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHILOMENA AFFUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number 08-300 (RCL) |
| ) | |
| UNITED STATES OF AMERICA and ) | |
| ED SCHAFER, Secretary of the ) | |
| Department of Agriculture, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS' ANSWER

Pursuant to Federal Rule of Civil Procedure 8, the United States of America and the Secretary of Agriculture ("Defendants"), by and through their undersigned counsel, hereby answer Plaintiff's Complaint as follows:

### NATURE OF ACTION

1. The first sentence is denied. The second and third sentences are conclusions of law to which no response is required. Defendants admit that plaintiff is bringing the claims alleged in the fourth sentence, but Defendants deny that these claims or "challenges" have merit.

2. Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraph 2.

### JURISDICTION AND VENUE

3. Paragraph 3 is a statement of jurisdiction to which no response is required.

4. Paragraph 4 is a statement of venue to which no response is required.

### PARTIES

5. Defendants admit the allegations in paragraph 5.

6. Defendants admit the allegations in paragraph 6.

7. Defendants admit that Mr. Schafer is the Secretary of Agriculture and has the responsibilities enumerated in paragraph 7.  However, Defendants deny that Mr. Schafer is an appropriate defendant in this case.

## ALLEGATIONS RELATING TO ALL COUNTS

### A.  The Charges

8. Defendants lack sufficient knowledge and information to admit or deny the allegations in paragraph 8.

9. Defendants deny the allegations in the first sentence of paragraph 9.  Defendants admit the allegations in sentences 2 and 3 of paragraph 9.

10. Defendants admit the allegations in paragraph 10.

11. Defendants admit the allegations in paragraph 11.

12. Defendants deny the allegations in paragraph 12.

13. Paragraph 13 contains conclusions of law to which no response is required.  Defendants further aver that they sent Plaintiff a letter in October 2007.  Certain portions of the letter are quoted in paragraph 13.  Defendants refer the Court to that letter for a complete and accurate statement of its contents.

### B.  The Statutory and Regulatory Scheme as to Trafficking

14. This paragraph contains Plaintiff's characterization of the history of the Food Stamp Act and conclusions of law which do not require a response.

15. This paragraph contains Plaintiff's interpretation of the cited section of the United States Code, which speaks for itself.  No response is required.

16. This paragraph contains Plaintiff's characterization of the current regulations implementing the Food Stamp Act, which speak for themselves. No response is required.

17. This paragraph contains Plaintiff's interpretation of the cited section of the Code of Federal Regulations, which speak for themselves. No response is required.

18. This paragraph contains Plaintiff's characterization of the current regulations implementing the Food Stamp Act, which speak for themselves. No response is required.

19. This paragraph contains Plaintiff's interpretation of the cited section of the Code of Federal Regulations, which speak for themselves. No response is required.

20. Defendants admit that FNS provides retailers with the referenced "Training Guide for Retailers" and the relevant regulations when a store begins to participate in the food stamp program. The remaining allegations in paragraph 20 are Plaintiff's characterization of the regulations governing participation in the food stamp program, to which no response is required. To the extent a response is required, the allegations contained in the paragraph are denied.

21. Defendants deny the allegations in paragraph 21.

**C. The Administrative Adjudication Process**

22. This paragraph contains Plaintiff's interpretation of the cited sections of the Code of Federal Regulations, which speak for themselves. No response is required.

23. Defendants admit the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

**D. Judicial Review and the 1996 Elimination of the Automatic Stay**

27. This paragraph contains Plaintiff's characterization of the history of the Food Stamp Act and the regulations implementing that statute and does not require a response.

28. This paragraph contains Plaintiff's characterization of the history of the regulations implementing the Food Stamp Act and conclusions of law which do not require a response.

29. This paragraph contains Plaintiff's characterization of the history of the Food Stamp Act and the regulations implementing that statute and conclusions of law which do not require a response.

30. This paragraph contains Plaintiff's characterization of the history of the Food Stamp Act and conclusions of law which do not require a response.

31. This paragraph contains Plaintiff's characterization of the history of the Food Stamp Act and conclusions of law which do not require a response.

32. Defendants deny the allegation in paragraph 32.

**E. The Administrative Proceedings Concerning Affum**

33. Defendants deny that Plaintiff had terminated the employee prior to the November 5 meeting or that she so informed the Defendants. Defendants admit the other allegations in paragraph 33.

34. Defendants admit the allegations in paragraph 34.

35. Defendants deny the allegation in paragraph 35.

36. Defendants deny the allegation in paragraph 36.

37. Defendants deny the allegations in paragraph 37, except that Defendants admit the sanction of permanent disqualification was affirmed on appeal.

38. Defendants deny the allegation in paragraph 38.

## COUNT I

39. Defendants incorporate by reference their responses to paragraphs 1-38.

40. Paragraph 40 provides a statement of law to which no response is required.

41. Defendants deny the allegation in paragraph 41.

## COUNT II

42. Defendants incorporate by reference their responses to paragraphs 1-42.

43. Paragraph 43 provides a statement of law to which no response is required.

44.  Defendants deny the allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45.

## COUNT III

46. Defendants incorporate by reference their responses to paragraphs 1-45.

47. Defendants deny the allegation in paragraph 47.

48. Defendants deny the allegation in paragraph 48.

## RELIEF REQUESTED

Defendants deny that Plaintiff is entitled to any relief in this case.  Defendants further deny that Plaintiff is entitled to a trial *de novo* on her claim that a civil money penalty should have been imposed.

Respectfully submitted,

JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

|  |  |
|---|---|
| April 22, 2008 | /s/<br>HARRY B. ROBACK, D.C. Bar # 485145<br>Assistant United States Attorney<br>United States Attorneys Office<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br>Tel: 202-616-5309<br>harry.roback@usdoj.gov |